# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

VIKAS VIKAS,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No.:  26cv1451 DMS DDL

**ORDER GRANTING PETITION; DENYING MOTION TO APPOINT COUNSEL**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Respondents responded to the Petition.  (Resp., ECF No. 4.)  Petitioner did not file a Traverse, but submitted a letter wherein he requests counsel.  (ECF No. 5.)  Having considered the parties' briefs, the relevant legal authority, and the record, the Court grants the Petition and denies Petitioner's motion to appoint counsel.

Petitioner is a citizen and national of India.  (Ex., Resp., ECF No. 4-1, at 2.)  He entered the country without inspection on or around April 26, 2023.  (*Id.*)  He was then processed, served with a Notice to Appear, and released on his own recognizance.  (*Id.* at 3.)  Petitioner has been detained at the Otay Mesa Detention Center since April 9, 2025. (Pet. 1, 4, 6.)  Neither Petitioner nor Respondents explain why or under what circumstances Petitioner was re-detained.

26cv1451 DMS DDL

Petitioner argues that his detention is unlawfully prolonged in violation of due process. (*Id.* at 6.) Respondents contend that "the legal issues presented concern the statutory authority" for the Government's detention of Petitioner under either 8 U.S.C. §§ 1225(b)(2)(A) (which requires mandatory detention) or 1226(a) (which entitles Petitioner to a bond hearing). (Return 3.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2) but concedes that courts in this District have generally found noncitizens residing in the interior do not fall under § 1225(b)(2)'s mandatory detention scheme. (*Id.*) However, Petitioner does not argue that he should be detained under § 1226(a). Rather, Petitioner argues that because his detention is prolonged, the Government cannot detain him further without release or an adequate bond hearing. (Pet. 2.) The Court conducts its analysis assuming Petitioner is properly detained under § 1225(b)(2) and finds that continuing to detain Petitioner without a bond hearing violates his due process rights.

The facts, claims, and arguments presented in this case are similar to those in *Amado v. U.S. Dep't of Just.*, No. 25cv2687, 2025 WL 3079052 (S.D. Cal. Nov. 4, 2025) (finding petitioner's detention of thirteen months unreasonable and violative of due process when applying the six-factor test articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116–17 (W.D. Wash. 2019)). The Court finds the reasoning of that case persuasive and adopts and applies it wholesale to this case. First, Petitioner has been detained for over a year. "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Amado*, 2025 WL 3079052, at *5 (collecting cases). Second, while the exact status of Petitioner's removal proceedings is unclear, it appears Petitioner has not yet received a final order of removal. Further, Respondents contend Petitioner's mandatory detention is lawful. Thus, the Court finds Petitioner faces detention for the foreseeable future. Third, like *Amado*, Petitioner has spent more than a year at the Otay Mesa Detention "which courts have found is indistinguishable from penal confinement." *Id.* at *6 (citation modified) (citation omitted). Additionally, "[t]he fourth factor weighs in favor of Petitioner because the record does not indicate that he has caused any undue delays," and "[t]he fifth factor weighs in Respondents' favor because there is

26cv1451 DMS DDL

no indication that the [G]overnment is responsible for undue delay in the removal proceedings." *Id.* On the present record, the Court is unable to meaningfully assess the last factor—the likelihood that the removal proceedings will result in a final order of removal. Therefore, this factor is neutral. Considering the above *Banda* factors, the Court finds Petitioner's mandatory detention under § 1225(b)(2) has become unreasonable and violates due process.

"The Court notes that even under the *Mathews v. Eldridge* test, the factors support granting Petitioner a bond hearing." *Id.* at *7; *Mathews v. Eldridge*, 424 U.S. 319 (1976). When determining whether Petitioner's procedural due process rights have been violated, the Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. First, "the private interest affected by the official action is the most significant liberty interest there is – the interest in being free from imprisonment." *Black v. Decker*, 103 F.4th 133, 151 (2nd Cir. 2024) (citation omitted). Petitioner has been in detention for over one year and counting, "so any incursion on his liberty interest is serious." *Amado*, 2025 WL 3079052, at *7. Next, § 1225(b)(2)(A) provides no "procedural safeguards" in place to determine whether Petitioner's detention has become unreasonable. *Id.* "Accordingly, an individualized bond hearing at which an IJ can consider the non-citizen's dangerousness and risk of flight would add value." *Id.* "Finally, the 'Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail' also weigh in favor of Petitioner." *Id.* (citing *Mathews*, 424 U.S. at 335). "[A] bond hearing does not impact the Government's ability to assure Petitioner's presence if he is ultimately removed, and the Government can raise any concerns regarding Petitioner's danger to the community or his flight risk at the bond hearing before the IJ." *Id.*

3

26cv1451 DMS DDL

Accordingly, the Court finds Petitioner's mandatory detention under § 1225(b)(2)(A) violates due process, and grants the Petition.[1]  Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **fourteen (14) days** of the entry of this Order.  At the bond hearing, "Respondents must justify [Petitioner's] continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Sadeqi v. LaRose*.  809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025).  Respondents are further ordered to file a Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner received a bond hearing and the outcome of that hearing.

Because the Petition is granted, appointing Petitioner counsel is unnecessary at this juncture.  Thus, the Court denies Petitioner's motion to appoint counsel.

**IT IS SO ORDERED.**

Dated:  April 22, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this determination, the Court declines to analyze Petitioner's other claims.

4

26cv1451 DMS DDL